## Stoeckel Estate

*Foulke, Foulke & Knight*, by *Edward Foulke*, and *Russell C. Gourley*, for accountant.

*Harry T. Rosenheim, Jr.*, for beneficiary.

HOLLAND, P. J., July 14, 1950.—The first account of Lester S. Gibbs, executor, was audited on March 6, 1950. . . .

Testator and Elizabeth A. Meyer had a joint survivorship savings fund account at Jenkintown Bank and Trust Company, in which, at testator's death, was a balance of $3,710.62. At his death this all passed to Elizabeth A. Meyer by survivorship unaffected by the will. One half of it was subject to a Pennsylvania transfer inheritance tax which has been paid by the executor and which would be payable by Elizabeth A. Meyer and deductible from her legacy of $1,000 unless she is relieved therefrom by item 14 of the will.

The executor has also paid the Federal estate tax including the amount charged by the United States Government on this bank account passing to Elizabeth A. Meyer. This amount is conceded to be $675.33. This would be collectible against her by the executor under the Act of July 2, 1937, P. L. 2762, and deductible by him from her $1,000 legacy unless she is relieved therefrom by item 14 of the will. See Moreland Estate, 351 Pa. 623 (1945).

Item 14 provides as follows:

"I direct my Executor to pay all Inheritance and Federal Estate taxes out of the principal of my estate, so that all legatees shall receive their legacies in full and without responsibility therefor."

I am of opinion that this item relieves her from the payment of both taxes, and she receives her $1,000 clear, because it directs that all such taxes are to be paid out of the principal of the estate and specifically provides that no retention for such taxes shall affect any legacy in the will. Further, it emphasizes that

such legatees shall receive their benefits "without responsibility therefor". See also Priver's Estate, 53 D. & C. 103; Brown's Estate, 59 D. & C. 638, and Slattery's Estate, 54 D. & C. 542.

I hold that this item relieves her from payment of these taxes and that they are payable out of the residue of the estate.